# Frazier *v.* The State.

## *Indictment for Murder.*

1. *Drawing of special venire in capital case; presence of defendant not necessary.*—In a capital case it is not necessary that the record should affirmatively show the drawing of the special venire for the trial of the case; and, therefore, it is not essential that the record should affirmatively show that the defendant was personally present when the special venire was drawn from the jury box; and likewise, it is not necessary that the record should affirmatively show that the drawing required by law was had by the judge, since the act of drawing the jurors is a ministerial rather than a judicial act.

2. *Same; how question should be presented.*—The question of the necessity of the record showing affirmatively that the defendant in a capital case was personally present in court when the venire was drawn, should be raised by exception reserved and presented by bill of exception, and not by motion in arrest of judgment.

3. *Homicide; when question assuming fact of killing admissible.*—On a trial for murder, when the killing is admitted and the defendant seeks to justify it on the ground of self-defense, there is no error in

[Frazier v. The State.]

allowing the State to ask one of the witnesses if he remembered the time the deceased (calling him by name) was killed by the defendant.

4. *Same; relevancy of evidence; error without injury.*—On a trial for murder, when it is admitted that the deceased was sitting down when shot, testimony as to the habit of the deceased in squatting down when engaged in conversation, if abstractly erroneous, is not, when considered in connection with the facts proven, prejudicial to the defendant.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant was indicted and tried for the murder of one Silas Jones, was convicted of murder in the second degree, and sentenced to the penitentiary for twenty-five years. The facts of the case and the rulings upon the evidence are sufficiently shown in the opinion.

ROQUEMORE, HILL & ROGERS, for appellant.—The court erred in not sustaining the motion in arrest of judgment.—*Hames v. State*, 113 Ala. 674; *Spicer v. State*, 69 Ala. 159; *Sylvester v. State*, 71 Ala. 17.

The court erred in overruling the objection of the defendant and allowing the State to prove the habits or custom of the deceased.—*Thomas v. State*, 107 Ala. 13; *Poe v. State*, 87 Ala. 65.

The court erred in allowing the State, against the objection of the defendant, to ask the witness, Dillard, "Do you remember the time Silas Jones is said to have been killed by Joe Frazier?"—*Green v. State*, 96 Ala. 29.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—The motion in arrest of judgment was properly overruled. The record affirmatively shows that that the prisoner was present at every stage of the proceeding in the trial court at which the law requires such presence to be so shown by the record. The two grounds stated in the motion are: 1. That it does not affirmatively appear that he was present, in court, at the time the venire was drawn containing a list of the regular jurors drawn in said cause; 2, nor at the time the special venire containing a list of special jurors was drawn in said cause.

It was held in *Washington v. State*, 81 Ala. 35, in passing upon a jury law regulating the drawing of juries

for the trial of capital cases, similar to the one which governs this case, that it was not essential that the record affirmatively show that the required drawing was had by the judge. The required acts, in that regard, were deemed ministerial rather than judicial, and the failure of the record to show compliance with them was not ground for arrest of judgment.

As it was not necessary that the record affirmatively show the drawing, it was, of course, unnecessary that it should affirmatively show that the defendant was present when the drawing, if there was one, occurred. The question intended to be raised by the motion in arrest of judgment, should have been a matter of exception reserved by the defendant, and presented to this court by bill of exceptions.

The case of *Hames v. State*, 113 Ala. 674, was not intended to lay down a contrary rule, when its facts are considered.

A witness, Dillard, when introduced by the State, was asked by the solicitor: "Do you remember the time Silas Jones is said to have been killed by Joe Frazier?" Objection to the question by the defendant was overruled and exception reserved. The witness answered that he did. Under the facts of this case, there was no reversible error in this ruling. It was a conceded fact that the defendant killed Silas Jones—the deceased named in the indictment—shown by his own voluntary confession and testimony and by the testimony of Jule Wilson, the only other eye-witness of the homicide. The sole defense made was that of self-defense. The question was put in that form for no other purpose than to call the attention of the witness to the occasion of the homicide, and could have operated no possible injury to the defendant, in view of the undisputed and conceded fact above stated. Without impairing any principle stated in *Green v. State*, 96 Ala. 29, we hold there was no reversible error in the ruling excepted to.

So, also, the question to the witness, Graw, whether or not deceased was in the habit of squatting down whenever engaged in conversation, related to a matter about which there was no dispute. The solicitor stated that it was for the purpose of showing that the deceased was shot while squatting or sitting down. The testimony of the defendant himself and Wilson, the only

[Bryant v. The State.]

other person who was present, showed, expressly and without dispute from any source, that deceased was sitting down on the edge of a ditch at the time he was shot. If the question was abstractly erroneous (which we do not decide, but cite as bearing on it, *Wiley v. State,* 99 Ala. 146), it could have done the defendant no possible harm.

There being no error in the record, of which the defendant can complain, the judgment of the city court must be affirmed.

Affirmed.