# Jones *v.* The State.

## *Indictment for Murder.*

1. *Drawing of special venire in capital case; presence of defendant not necessary.*—In a prosecution for a capital offense, it is not necessary that the record should affirmatively show that the defendant was personally present in court when the venire for the case was drawn.

2. *Homicide; communicated threat; inadmissible evidence as to motive.*—On a trial for murder, where a witness had testified that prior to the killing the deceased had made threats against the defendant which he, the witness, communicated, it is not competent for the defendant to prove that after the communication of the threats said witness went to the deceased for the purpose of making peace between him and the defendant.

3. *Same; when communicated threat inadmissible.*—On a trial for murder, when there is no evidence of any act or hostile demonstration of any kind on the part of the deceased at the time of the homicide, indicating an effort or purpose to assault or use violence upon the defendant, to which the previous threat could give color or character, evidence of previous threats by the deceased is inadmissible, even though they were communicated to the defendant.

4. *Same; evidence as to previous difficulty inadmissible.*—On a trial for murder, evidence as to particulars of a previous difficulty which occurred the day before the difficulty resulting in the homicide, is inadmissible.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant, Elijah Jones, was indicted, tried and convicted for the murder of Felix Jones, and sentenced to be hanged. The defendent made a motion in arrest of judgment upon the following grounds: 1st. It does not affirmatively appear from the record that the defendant was present in court, either personally or by counsel, at the time the venire was drawn containing a regular list of the jurors drawn in said cause. 2d. That the defendant was not in court, either personally or by counsel, at the time the venire containing a list of the special jurors was drawn in said cause. This motion was overruled, and the defendant duly excepted. The facts of the case and the rulings upon the evidence,

[Jones v. The State.]

which are reviewed on the present appeal, are sufficiently shown in the opinion.

The defendant introduced as a witness one William Lowe, and asked said witness: "If he did not see a difficulty between the defendant and the deceased on Tuesday before the homicide, which occurred on Wednesday?" and upon the witness answering that he did, the defendant asked him: "If in that difficulty he did not see the deceased advance upon the defendant with an open knife, and that the defendant had to run to prevent the deceased from attacking the defendant?" The State objected to this question, which objection the court sustained, and the defendant duly excepted.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—There was no error in overruling the motion in arrest of judgment.—*Frazier v. State, ante,* p. 442, where the same motion, upon the same character of record, was considered.

One Charles Glass, a witness for the State, testified that, on the occasion of the killing, defendant was sitting in the door of his (witness') saloon when the deceased came to where the defendant was. Witness, being in the saloon waiting upon customers, did not hear what passed between defendant and deceased; that he saw defendant get up from his chair and move from the door out on the sidewalk, and on to a bridge directly in front of the saloon; saw the deceased turn towards defendant, when defendant drew his pistol and fired; the parties being about six feet apart. The version of other witnesses, who were examined before Glass was introduced, and who testified that they were immediately present and saw and heard what was said and done by the parties, was that deceased came up to where defendant was sitting, in the door of the saloon, and said to the latter, "I want my dime;" to which defendant replied, "Go away. I do not want any trouble with you." The demand for the dime was repeated, in about the same language, receiving about the same reply; thereupon defendant moved from his seat, stood up in the doorway and shot the deceased with a pistol which he drew from

his shirt-bosom ; that deceased, when shot, had his right hand upon the door-facing and his left hand upon his left knee. After the said witness, Glass, had given his version of the occurrence, as above stated, he testified that on the night before the shooting deceased told him that he intended to kill defendant, and that he communicated the threat to defendant ; and witness was then asked by defendant, if he (witness) did not, at the request of defendant, go to the deceased for the purpose of making peace between them? A general objection to this question, by the State, was sustained, and defendant excepted. The defendant then asked the witness, "If deceased did not, at the time witness went to deceased for the defendant, tell witness that he would not make any settlement, but that what he wanted was satisfaction?" To which a general objection by the State was sustained.

First, it was not proper to prove by the witness what his purpose was in going to the deceased. Secondly, there was no evidence of any act or hostile demonstration of any kind, on the part of deceased, at the time of the homicide, indicating any effort or purpose to assault or use violence upon the defendant, to which a previous threat could give color or character, and when that is the case, it is the settled rule that evidence of previous threats by the deceased is not admissible.—*Hughey's Case*, 47 Ala. 97 ; *Green's Case*, 69 Ala. 6 ; *Payne's Case*, 60 Ala. 80. The nearest approach to evidence of such an act or demonstration was the said statement of the witness, Glass, that when the defendant walked out to the bridge about six feet from deceased, he, deceased, turned toward defendant, when defendant drew his pistol and fired. It is too plain for controversy that "turning towards the defendant," in view of the other undisputed facts of this case, above set out, was, without more, no evidence of a hostile act or demonstration, which under any principle of law, could have justified the defendant in taking the life of the deceased.

It was not competent for defendant to prove by his witness, Lowe, the particulars of the previous difficulty to which Lowe testified.

The record presents no other questions for our consideration. We have carefully examined the whole record, and find that the indictment and trial were conducted

[Linnehan v. The State.]

throughout in conformity to law, and the prisoner was regularly and lawfully convicted and sentenced.

The day fixed for the execution of sentence having passed, Friday, the 11th day of February, 1898, is hereby fixed for the execution thereof.

Affirmed.