[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.]
Mary Hall, alias, etc., was indicted for the killing of Dalia Turner, convicted of manslaughter, and she appeals. Affirmed.
The evidence tended to show the killing was done with a pistol in the hallways or doorway of a room on Fourth avenue in the city of Birmingham, that for the state tending to show an unprovoked killing, and that for defendant tending to show that defendant was living in the room near where the killing occurred, and was occupying the room as a home, and that at the time the Turner woman was walking toward her, making certain remarks, and with something in her hand, which later developed to be a handkerchief. The evidence also tended to show a former difficulty between the two women, and the fact that deceased had threatened to kill defendant. The following charges were refused to defendant:
(B) "If you believe from all the evidence in this case that at the time deceased met her death, defendant was in her own room, or in a room occupied by her as a home, then in such event, and *Page 609 
under such circumstances, she would not be required to retreat, the theory of the law being that every man's home is his castle, and under no circumstances is he under the duty to retreat therefrom."
(J) "You should find defendant not guilty if you believe from all the evidence in this case that defendant shot deceased, under a bona fide belief that she was in impending danger of life or limb; and that she had, under all the circumstances, reasonable cause to believe that she was in imminent danger at the time the shooting was done, it would be immaterial whether there was actual danger or not."
(C) "You may look to the fact, if it be a fact, that deceased had made threats against defendant, and had threatened at different times to take the life of defendant; and, if you further believe from all the evidence that these threats had been communicated to defendant prior to the time of the difficulty, then these facts alone may or may not be sufficient to have generated in defendant's mind the bona fide belief at the time of the killing that her life was in danger, or she was in danger of great bodily harm."
(D) Same in legal effect as C.
(E) "If you believe from all the evidence in this case that defendant was reasonably free from fault in bringing on the difficulty, and that defendant had no reasonable or convenient mode of escape without increasing her peril, and that if from the threats which had been communicated to her, if it be a fact that such threats had been communicated to her, there was generated in the mind of defendant a reasonable and bona fide belief that her life was in great danger, and that the threats were going to be carried out, then in such a case this defendant had the right, under the law, to act on the reasonable appearance of same, and under such circumstances would have been authorized to anticipate the deceased, and fire the shot to preserve her own life, if you believe from all the evidence in this case that this state of fact existed, and the killing occurred under such circumstances, you should find defendant not guilty."
(F) "Previous threats made against and communicated to defendant may be sufficient to indicate to a reasonable mind that at the time of the killing, defendant's life was in great danger, and such threats alone might be sufficient to generate a reasonable *Page 610 
belief that it was absolutely necessary to fire the fatal shot to save her life, or prevent great bodily harm to defendant."
(G) Sufficiently appears.
(H) "If you believe from the evidence that deceased sought or provoked the difficulty for the purpose of executing a design previously formed to take the life of this defendant, and that defendant had no reasonable mode of escape without increasing her peril, and that from threats which had been made by deceased against defendant, and communicated to defendant, defendant honestly believed that her life was in great danger, then I charge you that under those circumstances defendant had a right to anticipate defendant, and fire the shot to protect her own life or prevent great bodily harm."
(1) Affirmative charge as to murder in either degree.
(10) Same as 1.
(15) Affirmative charge of any offense higher than manslaughter in the second degree.
(9) "Homicide is excusable when the person committing the same is to some degree in fault, but the circumstances are such that no punishment is deserved."
The defendant was convicted of manslaughter. The only matter complained of is the refusal of certain special charges requested by the defendant.
(1) There was evidence tending to show that the defendant was not free from fault in provoking the difficulty. The first charge complained of, which we have designated for convenience as charge B, and charge J pretermit the defendant's freedom from fault. — Daniel v. State, 14 Ala. App. 63, 71 So. 79;Andrews v. State, 159 Ala. 29, 48 So. 858.
(2) Charges C and D were properly refused because argumentative.
It is not enough that the defendant was "reasonably free from fault." Before she could invoke the doctrine of self-defense, she must have been entirely free from fault. — Langham v.State, 12 Ala. App. 46, 68 So. 504. This doctrine justifies the refusal of charge E. *Page 611 
(3) Previous threats alone will not justify aggressive defensive measures, in the absence of an overt act or hostile demonstration of the party against whom such aggressive measures are taken. — Jones v. State, 116 Ala. 468, 23 So. 135; Langham v. State, supra. This doctrine justified the refusal of charge F.
(4) Charge G assumes that the deceased was making a hostile demonstration against the defendant at the time of the fatal shot. Under the evidence this was a question for the jury, and the charge was properly refused as invasive of the jury's province.
(5) Charge H pretermits defendant's freedom from fault and gives undue prominence to evidence of alleged threats.
(6) Charge 1, 10, and 15 were invasive of the jury's province.
(7) Charge 9 is manifestly bad.
(8) The proposition of law embodied in charge 11 was given to the jury in given charges 2, 12, and 16.
This disposes of the only questions presented for review, and the judgment is affirmed.
Affirmed.