PORTER *v.* STATE.

(In Banc.  Nov. 16, 1942.  Suggestion of Error Overruled Dec. 21, 1942.)

[10 So. (2d) 377.  No. 34893.]

J. A. Wiltshire, of Magnolia, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal on a judgment inflicting a death penalty.

No error appears in any of the rulings of the court below complained of by the appellant, only two of which will be specifically noticed. 1. The appellant was unable to employ counsel, and he was arraigned and plead guilty before counsel was appointed for him. 2. He requested, and was denied, a special venire. On Thursday, October 9, 1941, the appellant was arraigned and plead not guilty. He was not then represented by counsel, being unable to employ such. On the next day, Friday, October 10, 1941, the appellant again appeared in court, and James A. Wiltshire, a lawyer of twenty-five years' experience was appointed to defend him, who immediately entered upon his duties relating thereto. He made no request then or thereafter for the setting aside of the arraignment of the appellant. The witnesses for both the state and the defendant were then called, and both Wiltshire and the district attorney announced ready for trial, whereupon the case was set for trial for Wednesday, October 15, 1941. When the case was called on Wednesday, the appellant's counsel, for the first time, verbally requested a special venire for the trial of the case; and on his attention being called to the fact that the statute required the request to be in writing, a written request therefor was made.

The court below erred in arraigning the appellant before appointing counsel for him. Chap. 303, Laws 1934. But error in a judgment does not require its re-

versal unless the party complaining was prejudiced thereby. This rule applies here. Robinson v. State, 178 Miss. 568, 173 So. 451. After Wiltshire's appointment to defend the appellant, had he or his client desired, the court, on request so to do, could and should have set the arraignment aside. Unless the appellant, or his counsel, desired to change this plea of not guilty or assert some right preliminary thereto, it would have been a vain and useless thing to set it aside so that the appellant might again enter it. The record does not indicate, and counsel for the appellant does not claim, that the setting aside of this plea would have resulted in anything except its immediate re-entry.

The only provision of Section 2061, Code 1930, as to when a special venire in a capital case must be requested, is when the person charged with the "crime . . . shall have been arraigned and the plea of not guilty entered." This cannot mean, and in practice has been interpreted not to mean, that a special venire, if desired, must be requested immediately upon the entering of a plea of not guilty. To summon such a venire when it does not appear that the case is then ready for trial or will be when the jurors are thereafter brought into court, might, and sometimes would, result in the case not being ready for trial when the jurors are brought into court, necessitating the postponement of the trial to a later day, or to the next term of the court with the accompanying inconvenience and expense. The purpose of the statute will be accomplished by holding, as the practice is, that a request for a special venire must be made when the court ascertains and announces that the case is ready for trial. When the appellant's counsel announced that he was ready for trial of the case and the court also announced that it was ready to proceed therewith, he should have requested the special venire, if he then desired it, or obtained permission from the court to request it at a later date. Counsel does not contend

that such permission was here granted but only that he did not understand that the setting of the case for call the following Wednesday was for the purpose of trying it then, and that he advised the court that he would determine whether he wanted a special venire after the jurors for the regular panel for the next week were empanelled. When the court announced ready for trial, the request for a special venire became due without reference to the time then set for trial. It may be, as to which we express no opinion, that if the request is thereafter made in ample time for the special venire to be drawn, summoned, and to appear on the day set for the trial, the request therefor should be granted. But such is not the case here. If the appellant's counsel stated to the court, when the case was set for trial, that he would decide later whether he wanted a special venire, it is clear that the court did not so understand and did nothing to mislead counsel in thinking the contrary; and it is hardly probable that it would have consented to the postponement of the request to a time so near to the day set for the trial.

Affirmed, and sentence to be executed on Thursday, January 7, 1943.

**Anderson, J.**, delivered a dissenting opinion.

Section 1262, Code 1930, which provided, among other things, for the appointment by the court of counsel for defendants in capital cases, who were unable to employ counsel themselves, was amended by chapter 303, Laws 1934, by providing, among other things, "and the defendant shall be entitled to advice of such counsel before he is required to plead to the indictment." Of course the finding of facts by the presiding judge, as to what occurred after the appointment of counsel, is controlling. Nevertheless, Wiltshire testified, and his testimony is undisputed, that he got the impression at the time of his

appointment on the 10th of October, that the setting for the 15th was not for trial, but for the purpose of another setting at which the necessary steps for trial would be taken. His testimony meant that the court misunderstood him as announcing ready for trial on the 10th.

However, disregarding such difference between the judge and Wiltshire, on the 15th when the case was called the court denied the defendant due process in refusing to grant him a special venire. The requirement of the statute that counsel be appointed before plea is mandatory—the court is left no discretion in the matter. The defendant is entitled to advise with his counsel with reference to the whole case before he is required to plead. The statute is a part of due process. Arraignment and plea are essential. 16 C. J. S., Constitutional Law, Sec. 589, p. 1181. The accused must have counsel at every substantial step in the case. The denial of due process cannot be covered up in the expansive folds of the Mother Hubbard doctrine of harmless error. To illustrate: the trial and conviction in a capital case by eleven jurors where the evidence either showed guilt without conflict, or beyond every reasonable doubt—would the conviction be legal? Would the illegal jury be treated as harmless error? Again, the defendant is tried on information by the district attorney, without a grand jury indictment. The evidence shows guilt without conflict, or beyond every reasonable doubt. Is the lack of an indictment harmless error? Can it be waived? The fundamentals, of which due process is a part, cannot be gotten rid of except by plea of guilty. Suppose in a capital case the defendant agreed for the judge alone, without a jury, to try the case. That is done, and he is convicted and sentenced to be executed—would he be bound by the agreement and waiver? Would such a conviction be legal? It seems that to ask the question is to answer it in the negative. The Powell case, on the principles therein declared by the Supreme Court of the United

States, is controlling in favor of the defendant. That case went up from the Supreme Court of Alabama, reported in Weems v. State, 224 Ala. 524, 141 So. 215; Powell v. State, 287 U. S. 45, 53 S. Ct. 55, 64, 77 L. Ed. 158 and 84 A. L. R. 527. That, too, was a capital case. Before the trial began the court appointed the entire local Bar to represent the defendant, who was unable to employ counsel. In so doing, the court's idea was that the members of the Bar would get together and elect one or more of its number to represent the defendant. It is more or less indefinite, from the opinion in the case, as to how and by whom such counsel was selected. The court held that defendant was denied due process, because he did not have the advice of definitely appointed counsel from the beginning to the end of the trial. The opinion used this language, in part, in discussing the rights of the defendant: "He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect."

Putting the principle in different language, where due process begins, harmless error ends—they cannot stand up together. The Robinson case, 178 Miss. 568, 173 So. 451, referred to in the controlling opinion, is not decisive of the question here involved. The court held that the statute requiring the appointment of counsel before plea, though mandatory, had been substantially complied with. The holding was expressly placed upon the ground that on the day of arraignment the defendant was in consultation with counsel, one of whom was subsequently appointed to defend him; and that before plea the court had advised such counsel that he would be appointed.

But leaving out of view the statute involved, we think it was a manifest abuse of discretion by the court, under all the surrounding facts and circumstances, to refuse the defendant a special venire when applied for on the 15th.

**Griffith, J.**, concurs in this dissent.