SMITH *v.* STATE

No. 42012          February 5, 1962          137 So. 2d 172

*Thomas D. Berry, Jr.,* Gulfport, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant Smith was convicted in the Circuit Court of Harrison County of armed robbery. Miss. Code 1942, Rec., Sec. 2367. The jury found him guilty of holding up the operator of a service station with a gun, and obtaining money thereby. The State's case rested principally upon the testimony of John Lambert, operator of the station, who stated positively that defendant was the man who committed the offense in the early morning of September 30, 1960. The jury was warranted in accepting his testimony, which was consistent and believable.

There was some evidence tending to corroborate Lambert's identification. The robber was wearing a blue jumper, a wide brimmed hat and sun glasses. Shortly before the robbery Lambert saw a two-tone, red and white 1955 Oldsmobile turn the corner behind the station. Later the same morning a car matching that de-

scription was found backed into the woods near the Edgewater Gulf Hotel, not far from the residence of hotel employees. Later on October 9 appellant was arrested at night in a parking lot. Officers observed him throwing a pistol into a car on the lot. The pistol was said by Lambert to be similar in discolorations and markings to that which the robber had. When arrested, defendant had a key to that car. In it was found a bag belonging to defendant containing several items, including a flashlight, four pairs of sun glasses (one similar to that worn by the robber), and a Kansas title registration certificate for the 1955 Oldsmobile, registered to another man. The Oldsmobile was similar to the car seen near the filling station before the robbery and found abandoned in the woods near the hotel, where appellant worked.

Defendant did not testify. His defense was based on an asserted alibi, the validity of which was for the jury. Moreover, the alibi's time-sequence would have left appellant ample time to proceed to the service station and commit the offense. In summary, the conviction was not against the great weight of the evidence, but in fact was supported by ample evidence.

■■ Appellant has assigned a number of asserted errors committed in the trial court. We have carefully examined the record, and find no reversible error in it. The entire trial constituted in substantial part a running battle between the district attorney and defendant's counsel, with the honors about equal between them. Some of the interrogations by both sides were irrelevant, but are not reversible errors on appeal. The evidence as to appellant's arrest on the night of October 9 was proper to show the legality of that arrest.

■■ Upon defendant's request, the trial court ordered the summoning of a special venire of forty jurors. Code Sec. 1795. Eighteen appeared. The court excused three for cause, and, after challenges by the parties of

others, there remained six jurors taken from the special venire. Along with six others from the regular panel, all of whom were accepted, and two alternate jurors, the jury was formed and the case submitted. Defendant moved that the special venire be quashed because only eleven out of the forty called were available. This motion was overruled.

Code Sec. 1795 provides that after the venire is exhausted the trial court shall make up the jury "from the regular panel and tales jurors who may have been summoned for the day." This was what the court did. There is no evidence to show appellant was prejudiced by this procedure, or the jury was not impartial. In Walford v. State, 106 Miss. 19, 63 So. 316 (1913), under somewhat similar facts, it was said: "The sheriff failed to summon forty jurors, and therefore to that extent failed to obey the order of the court; but under section 2718 this provision of the jury law is directory merely. Since there is no hint in the record that an impartial jury was not obtained, appellant suffered no harm by reason of the fact that the sheriff only summoned thirty men, and cannot complain thereof."

██ █ A special venire will not be quashed except for fraud or total departure from the procedure laid down by statute. Here there was no total departure nor any suggestion of fraud. Riley v. State, 208 Miss. 336, 44 So. 2d 455 (1950). See also Harrison v. State, 168 Miss. 699, 152 So. 494 (1934); Williams v. State, 26 So. 2d 64 (Miss. 1946); Code Sec. 1796. ██ █ The provisions of the law in relation to the listing, drawing, summoning and empaneling juries are directory. Code Sec. 1798.

Affirmed.

*McGehee, C. J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.