JONES, Justice:
This is an appeal from the Circuit Court of the First Judicial District of Carroll County. Appellant was convicted of robbery. The appellant and one William Ar-buckle were jointly indicted for such robbery. Severance having been granted, appellant was tried separately.
*658 One day at approximately 10:45 p. m., two men robbed a filling station. The details of the robbery are not necessary to this decision.
As heretofore stated, appellant was tried separately and convicted. His assignments of error are: (1) That the court erred in drawing a special venire in the absence of the defendant and his counsel; (2) That the court erred in permitting the codefend-ant, William Arbuckle, to be brought into the courtroom; and (3) That there was error in the instructions.
As to the first assignment, the appellant moved for a special venire, which motion was sustained and the special ve-nire drawn. It is alleged and not denied that neither the appellant nor his attorney was present at the drawing of the special venire. The authorities cited by appellant are those holding that the defendant must be present at every stage of the “trial.” We are cited no authorities and have been unable to find any holding that the defendant must be present at the drawing of a special venire or that such constituted a part of the “trial." We do not consider the drawing of such a venire a part of the trial anymore than the drawing of a venire prior to court for the ensuing term would be a part of the trial and would require the presence of any defendant.
In 24A C.J.S. Criminal Law § 1734, page 113 (1962), it is stated:
Drawing of special venire. The record need not show that accused was present when the names of persons to constitute a special venire to try his case were drawn from the jury box and a ve-nire issued therefor, where such drawing was had, and venire issued, in pursuance of a previous order therefor.
To support this assertion there are three Alabama cases and a Florida case cited and no cases are cited contra. Two of the Alabama cases are: Frazier v. State, 116 Ala. 442, 23 So. 134 (1898) and Jones v. State, 116 Ala. 468, 23 So. 135 (1898).
In Frazier, the Court said:
The motion in arrest of judgment was properly overruled. The record affirmatively shows that the prisoner was present at every stage of the proceeding in the trial court at which the law requires such presence to be so shown by the record. The two grounds stated in the motion are: (1) That it does not affirmatively appear that he was present, in court, at the time the venire was drawn containing a list of the regular jurors drawn in said cause; (2) nor at the time the special venire containing a list of special jurors was drawn in said cause. It was held in Washington v. State, 81 Ala. 35, 1 So. 18, in passing upon a jury law regulating the drawing of juries for the trial of capital cases, similar to the one which governs this case, that it was not essential that the record affirmatively show that the required drawing was had by the judge. The required acts, in that regard, were deemed ministerial, rather than judicial, and the failure of the record to show compliance with them was not ground for arrest of judgment. As it was not necessary that the record affirmatively show the drawing, it was, of course, unnecessary that it should affirmatively show that the defendant was present when the drawing, if there was one, occurred. (23 So. at 134).
In Jones, supra, the Court said:
The defendant made a motion in arrest of judgment upon the following grounds: (1) It does not affirmatively appear from the record that the defendant was present in court, either personally or by counsel, at the time the venire was drawn containing a regular list of the jurors drawn in said cause; (2) that the defendant was not in court, either personally or by counsel, at the time the venire containing a list of the special jurors was drawn in said cause. This motion was overruled, and the defendant duly excepted.
*659 * * * * * *
There was no error in overruling the motion in arrest of judgment. (23 So. at 135)
The Florida case cited is Starke v. State, 49 Fla. 41, 37 So. 850 (1905) where it was said:
The question presented, therefore, is this: Must the record show that the defendant was present when the names of persons to constitute a special venire to try his case are drawn from the jury box and a venire issued therefor, where such drawing is had, and venire issued, in pursuance of a previous order therefor? We are of opinion that this question must be answered in the negative, these matters being ministerial preliminaries merely, and not material “steps” or “stages” in the trial within the meaning of the rule requiring the record to show the defendant’s personal presence. 1 Bishop’s New Crim.Proc. § 269; Pocket v. State, 5 Tex.App. 552; Cordova v. State, 6 Tex.App. 207; Hurd v. State, 116 Ala. 440, 22 So. 993; Sto-ball v. State, 116 Ala. 454, 23 So. 162; Frazier v. State, 116 Ala. 442, 23 So. 134; Jones v. State, 116 Ala. 468, 23 So. 135; Milton v. State, 134 Ala. 42, 32 So. 653. See, also, Thomas v. State, 47 Fla. 99, 36 So. 161. (37 So. at 851).
The cases cited above each involved a conviction of murder.
Our statute on special venires in capital cases (Miss. Code 1942 Ann. § 1795 (1956)) seems to show that our drawing of a special venire is ministerial, since, upon exhaustion of names in the jury box and of the regular panel, the sheriff may call tales jurors or he may be directed to go into the highways and byways without the defendant’s presence and select special talesmen.
In Smith v. State, 242 Miss. 728, 137 So.2d 172 (1962), we held:
Upon defendant’s request, the trial court ordered the summoning of a special venire of forty jurors. Code Sec. 1795. Eighteen appeared. The court excused three for cause, and, after challenges by the parties of others, there remained six jurors taken from the special venire. Along with six others from the regular panel, all of whom were accepted, and two alternate jurors, the jury was formed and the case submitted. Defendant moved that the special venire be quashed because only eleven out of the forty called were available. This motion was overruled.
Code Sec. 1795 provides that after the venire is exhausted the trial court shall make up the jury “from the regular panel and tales jurors who may have been summoned for the day.” This was what the court did. There is no evidence to show appellant was prejudiced by this procedure, or the jury was not impartial. In Walford v. State, 106 Miss. 19, 63 So. 316 (1913), under somewhat similar facts, it was said: “The sheriff failed to summon forty jurors, and therefore to that extent failed to obey the order of the court; but under section 2718 this provision of the jury law is directory merely. Since there is no hint in the record that an impartial jury was not obtained, appellant suffered no harm by reason of the fact that the sheriff only summoned thirty men, and cannot complain thereof.”
A special venire will not be quashed except for fraud or total departure from the procedure laid down by statute. Here there was no total departure nor any suggestion of fraud. Riley v. State, 208 Miss. 336, 44 So.2d 455 (1950). See also Harrison v. State, 168 Miss. 699, 152 So. 494 (1934); Williams v. State, 26 So.2d 64 (Miss.1946); Code Sec. 1796. The provisions of the law in relation to the listing, drawing, summoning and empaneling juries are directory. Code Sec. 1798. (137 So.2dat 173).
In Armstrong v. State, 214 So.2d 589 (Miss.1968), cert, denied, 395 U.S. 965, 89 *660 S.Ct. 2109, 23 L.Ed.2d 750 (1969), a murder case, we held:
If a special venire facias is ordered and the jury box is empty, the trial judge is authorized to order the clerk to issue a special venire facias directing the sheriff to summon as many jurors as may be necessary, not less than forty. § 1795, Miss.Code 1942 Ann. (1956); Riley v. State, 208 Miss. 336, 44 So.2d 455 (1950). Moreover, the statutory method of selecting jurors is directory, not mandatory, and unless it is shown that the method used was fraudulent or such a radical departure from the method prescribed by the statute as to be unfair to the defendant or to prevent due process of law, this Court will not reverse. Boyd v. State, 204 So.2d 165 (Miss. 1967); Ladner v. State, 197 So.2d 257 (Miss.1967); Wiggins v. State, 224 Miss. 414, 80 So.2d 17 (1955). (214 So. 2d at 594).
There is no assertion or charge that the jury which tried the appellant was in any way biased or unfair, nor is it shown that appellant exhausted his peremptory challenges in empaneling the jury. All the United States Constitution (Sixth Amendment) or our State Constitution (Section 26) requires (that might affect the issue here) as to a jury in criminal cases is that it be “impartial.”
In view of these facts, the issue here has been settled by our own cases.
Ford v. State (a murder case), 170 Miss. 459, 155 So. 220 (1934) error was assigned because it was claimed the accused was not present when an order for a special venire was entered. In answer thereto, it was said:
In the absence of any showing that there was an unfair drawing of the special venire, and more particularly in the absence of any showing that appellant was not tendered a fair and impartial jury, we are bound to say that the absence of the accused during this preliminary proceeding, if he was absent, wrought no damage, whatever, to the accused, and denied him no substantial right, to which he was entitled under section 26 of the Constitution of 1890, or any other section or statute, in so far as this point is concerned. (170 Miss, at 465, 155 So. at 221).
We again held in Stokes v. State, 240 Miss. 453, 128 So.2d 341 (1961): In no way does the appellant show that the defendant was prejudiced in the trial of this case due to his absence on the motion for a new trial. However, no court would want to do the defendant an injustice due to a pure technicality, but where no prejudice has been shown, it is hard to see that any of the rights of the defendant have been violated. The Court will look to the whole record in viewing this matter. Tillotson v. State, 1 So.2d 497; McCulloch v. State, 194 Miss. 851, 13 So.2d 829; Parker v. State, 201 Miss. 579, 29 So.2d 910; Grace v. State, 212 Miss. 784, 55 So.2d 495; Jones v. State, 104 Miss. 871, 61 So. 979, 980, L.R.A.1918B, 388; S.Ct. Rule 11. (240 Miss, at 477, 128 So.2d at 350).
In Brister v. State, 231 Miss. 722, 97 So.2d 654 (1957), the lack of prejudice was again emphasized where the accused was absent when the circuit judge and the attorneys, in a murder case, retired to an anteroom to challenge jurors, when the Court said: The judge observed that the defendant did not go to the anteroom and did not consider it necessary to require him to do so. No prejudice was alleged or shown. It appears that appellant received a fair and impartial trial. The voluntary absence of appellant from the anteroom when the jurors were challenged did not constitute reversible error. (231 Miss, at 726, 97 So.2d at 655).
Probably the better practice would be to have the accused present when the special venire is drawn. However, since the *661 drawing of a special venire is not a part of the actual trial and particularly since it is not claimed he was prejudiced and did not have his case heard by an impartial jury, we hold there was no reversible error.
We now consider the second assignment. During the testimony of one of the witnesses, the victim of the robbery, William Arbuckle, who was indicted for the same crime but was not being tried, was brought into the courtroom for the purpose of identification by the witness. He was asked no questions and made no statements. This is the circumstance which appellant alleges as error. Appellant relies upon 21 Am.Jur. 2d Criminal Law section 356, page 383 (1965) for the proposition. The section reads, in part, as follows:
It also violates the defendant’s rights to extract a claim of privilege from his co-defendant or another witness to impute guilt against the defendant. And since the defendant’s privilege against self-incrimination extends to protect him from even having to take the stand at his own trial, it follows that where he is being tried with a codefendant, he cannot be called as a witness either for or against his codefendant, (emphasis added.)
It is noticed that this statement applies to cases where two codefendants are being tried without a severance. Further, Ar-buckle was not called as a witness and gave no testimony, and as stated in 21 Am.Jur.2d Criminal Law section 361, page 387 (1965):
It is usually recognized that the privilege against self-incrimination has no application to such physical evidential circumstances as may be revealed by an open exhibition of the accused’s body or by ordinary observation of his person, and that the privilege is not infringed by requiring the defendant to exhibit himself in any manner in which an ordinary person is commonly seen in public. * * * the constitutional provision against self-incrimination is not violated by compelling the defendant in a criminal case to stand up for the purpose of identification. (Emphasis added).
We find no reversible error in this.
The third assignment is- relative to the instructions. We have read the instructions granted to the state, only three in number, and are unable to find any error therein.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and INZER, JJ„ concur.