BROOM, Justice,
for the Court:
Conviction of murder and life sentence resulted from trial of the defendant (appellant, James Paul Johnson) in the Circuit Court of the Second Judicial District of Carroll County. Trial was on November 13, 1975. We affirm.
On February 13, 1975, defendant and Charles Green (whom the defendant killed) had a dispute in a beer tavern and were ordered out. Outside, Green and one Wrenn fought each other with cue sticks. When the defendant appeared at the scene of the fight, he and Green became involved in physical combat with each other. The defendant then went back inside the tavern and said to the manager, a female, “Give me that gun. I’m going to kill that son-of-a-bitch.” After grabbing the pistol, defendant repeated the threat and went outside armed with the weapon. There one Bennett tried to get the pistol and to restrain defendant, but again defendant said, “I’m going to kill him.” In a fight with Green, he (defendant) fired the pistol three times, resulting in Green’s death.
Defendant’s version was as follows. He was attacked by Green outside the tavern where defendant discovered Green administering a severe beating to Wrenn (defendant’s brother-in-law). According to his testimony, the defendant freed himself from Green and went inside the tavern where he obtained the pistol. He returned outside, hoping to scare Green and thereby stop the beating of Wrenn. He says he and Green had another physical encounter (wrestling and rolling on the ground) and that in the affray the pistol discharged three times, killing Green instantly.
The first point argued by defendant is that he was denied a fair and impartial trial by being required to select two jurors from a regular panel after the special venire was exhausted. The two jurors on the preceding day served as jurors during the trial and conviction of defendant’s associate (Wrenn) involving the same difficulty in which defendant shot Green.
Mississippi Code Annotated § 13-5-77 (1972) permits selection of jurors from the regular panel once the special venire is exhausted. Smith v. State, 242 Miss. 728, 137 So.2d 172 (1962). In the instant case there is no record of a voir dire examination of the jurors and the record fails to show how many, if any, peremptory challenges were exercised by the defendant. According to the record, defendant never challenged for cause the two jurors who are now said to be incompetent after serving on the prior jury and hearing the testimony. The point is not properly before us because *740 the record does not show any objection or challenge to the two jurors when they were selected during defendant’s trial. Capler v. City of Greenville, 207 So.2d 339 (Miss.1968). Since the record does not show that the defendant exhausted his peremptory challenges, or that he challenged the two jurors for cause, his argument cannot be regarded as ground for reversal.
Next, the defendant argues that the lower court erred in overruling his motion for a new trial and he asserts that the evidence was insufficient to warrant his conviction of murder. Under our case law, whether a homicide is murder or manslaughter is a jury question. In view of the threats on the part of the defendant and the fact that he fired the pistol three times and wounded the deceased in three vital spots, we find this argument lacking in persuasion. Though the defendant’s version was corroborated by the testimony of his father and his brother-in-law, Wrenn, the conflict in testimony was one for the jury to resolve. The jury finding of malice on the part of defendant was adequately supported by evidence.
Defendant then argues that state’s instruction number 3 constitutes reversible error because of language in it that malice aforethought “may exist at the very instant the fatal shot was fired.” While this instruction is an improper instruction, the record reveals no objection to it at trial and, therefore, under Mississippi Supreme Court Rule 42 we will not reverse on this ground. Patterson v. State, 289 So.2d 685 (Miss.1974); Berry v. State, 288 So.2d 457 (Miss.1974).
Upon the entire record, we cannot say that an unjust result was reached or that another jury of twelve unbiased citizens would likely reach a different result. This case was presented here upon excellent briefs and oral argument by counsel who did not represent the defendant below.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.