357 So.2d 940 (1978)
Horace SHARPLIN
v.
STATE of Mississippi.
No. 50420.
Supreme Court of Mississippi.
April 19, 1978.
Rehearing Denied May 10, 1978.
A.R. Wright, Jr., Morris C. Phillips, Jr., Carthage, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a conviction of manslaughter returned after a jury trial in the Circuit Court of Leake County, Mississippi. Appellant was sentenced to fifteen years in the custody of the Mississippi Department of Corrections.
*941 Appellant first contends that the trial court committed reversible error in overruling his motion for a special venire. In order to understand appellant's argument here, it must be noted that this is the second time this case has come before us. Appellant was originally indicted for the murder of his estranged wife and convicted of manslaughter, but the original conviction was reversed because of the participation, as a prosecutor, of the county attorney, Vernon R. Cotton, who had handled appellant's divorce case. In the interim between the two trials, a second material development occurred, Marcus Gordon, the district attorney who was the prosecutor at the first trial became a circuit judge for the district which encompasses Leake County. Because of Judge Gordon's previous involvement in the case as district attorney, he was disqualified from participating in the retrial necessitating the appointment of a special judge.
On the first day of the April 1977 Term of court, counsel for appellant filed a motion for a special venire pursuant to Mississippi Code Annotated section 13-5-77 (1972).
On May 3, 1977, at 1:15 p.m., the case was called for trial by Judge Gordon. The state announced ready and counsel for appellant asked to be heard on the motion for a special venire. At this point, Judge Gordon made the following statement:
... I, as the Circuit Judge, appeared here on Thursday two weeks before Court opened here for the purpose of setting the Criminal and Civil Docket. On that date this case was set for trial on yesterday, May 2nd, at 9:00 o'clock a.m. On yesterday the case was called, no Special Judge having been appointed. .. The case was then reset for trial today at 1:00 o'clock.
It is now being made known to the Court for the first time that a motion was filed for a special venire, and it was not made known to the Court until just a few minutes ago that this motion had been filed. Several times during Court last week and even as well as this morning, it was announced that Mr. Peters had been appointed as the prosecutor in this case. At this time, 1:15 p.m., the Court does not know who will be appointed by the Governor as the Special Judge in this case, and I feel that the Special Judge should rule on whether or not this motion should be sustained. However, I feel that he should have the benefit of what this Court knows and what this Court has considered during this term of Court concerning this motion. Let the record further show that all witnesses were subpoenaed to be here as to 9:00 o'clock a.m. yesterday. The witnesses were here, some from out of state, and then we recessed to return today at 1:00 o'clock. Let the record show that all witnesses are in the Court at this time. .. .
Governor Finch appointed the Honorable Harold Davidson to sit as Special Judge for the trial of this cause on May 3, 1977, and at 2:00 p.m. on that day, Judge Davidson assumed the bench and overruled the motion for a special venire on the grounds that the motion was not timely called to the attention of the court and to grant it would cause those witnesses who were from out-of-state unreasonable expense and inconvenience because the start of the trial would probably have been delayed until the following week.
In Porter v. State, 193 Miss. 774, 10 So.2d 377 (1942), the Court held:
The purpose of the statute will be accomplished by holding, as the practice is, that a request for a special venire must be made when the court ascertains and announces that the case is ready for trial. When the appellant's counsel announced that he was ready for trial of the case and the court also announced that it was ready to proceed therewith, he should have requested the special venire, if he then desired it, or obtained permission from the court to request it at a later date... . When the court announced ready for trial, the request for a special venire became due without reference to the time then set for trial. It *942 may be, as to which we express no opinion, that if the request is thereafter made in ample time for the special venire to be drawn, summoned, and to appear on the day set for the trial, the request therefor should be granted. (193 Miss. at 777-78, 10 So.2d at 378).
In the case at bar, it appears from the statement of Judge Gordon, which is set forth above, that the court announced approximately two weeks prior to the first day of the April 1977 Term of court (at the setting of the docket) that the case was ready for trial. Yet, the motion for a special venire was not filed until April 25, the first day of the April 1977 Term and was not called to the court's attention until May 3, 1977, the day of trial. Therefore, the motion for a special venire was not timely filed under the rule announced in Porter v. State, supra.
Appellant argues, in substance, that this case comes within the exception noted by the Court in Porter for motions which are filed in ample time for the special venire to be drawn, summoned and to appear on the day set for trial. The motion was originally filed on April 25, 1977, the first day of the term, and the trial was set to begin on May 2, 1977.
We do not think that the contention is well taken. It appears from Judge Gordon's statement that although the motion was filed on April 25, 1977, it was not brought to his attention until just before the case was called for trial. We have previously held that it is incumbent upon the party filing a motion to follow up that action by bringing it to the attention of the judge and by requesting a hearing upon it. Dyer v. State, 300 So.2d 788 (Miss. 1974). Appellant argues that this rule should not apply here because Judge Gordon was disqualified from presiding in this case and the identity of the special judge was not known until May 3, 1977, and, therefore, there was no judge to whom the motion could have been presented before May 3, 1977. There is no merit to this contention as the drawing of a special venire is purely a ministerial act to be performed by the circuit judge, requiring no discretion except as to the number of prospective jurors to be drawn, and no decision making process. A circuit judge is therefore not disqualified from drawing a special venire even though he may be disqualified from presiding over the trial of the case in which the special venire is drawn.
We have considered the remaining assignments of error and find them to be wholly without merit.
The judgment of the lower court is therefore affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
LEE, J., took no part.