SMITH, Presiding Justice,
for the Court:
Angelo Tolbert was indicted for armed robbery, tried upon that charge in the Circuit Court of Grenada County, convicted of robbery and sentenced to serve a term of ten years imprisonment. On appeal he assigns as error, requiring reversal:
(1) His alleged confession was improperly admitted;
(2) He was entitled to a directed verdict at the conclusion of the State’s case;
(3) The court should have granted a peremptory instruction of not guilty at the close of the trial;
(4) A special venire should have been granted;
(5) Motion for severance made by his co-defendant should have been denied.
At sometime near midnight on March 22-23, 1980, one Bates, owner and proprietor of the Shop-A-Lot, was robbed by two men, armed with a gun, of approximately $400.00. Bates reported the robbery to the police almost immediately. On information received, a warrant was issued for appellant Tolbert and another, Ervin McClain, Jr. Tolbert was picked up by the officers and served with a warrant. He was advised of his rights under Miranda, signed a waiver thereof and, according to the officers involved, voluntarily confessed his participation in the robbery. Bates testified that in the course of the robbery a gun had been jabbed in his side and that it “looked like” a shotgun.
Tolbert’s signed statement acknowledging his understanding and a waiver of his rights under Miranda was introduced in evidence without objection.
Tolbert made a motion to suppress the confession. Tolbert’s testimony as to how the confession was obtained was to the effect that the officers had threatened to have his parole revoked (Tolbert having been on parole as a result of a former conviction of burglary) and that he was coerced into signing the confession by this threat. On cross-examination Tolbert admitted that he understood his rights under Miranda and he acknowledged, seriatim, his understanding of each of them. He also admitted:
Q. Did they make you any promises if you signed this (the confession) what they would do?
A. No, they didn't make me no promises.
Tolbert’s assertion that he had signed the confession under duress was refuted by the testimony of the officers present. The motion to suppress was properly overruled and the confession allowed in evidence.
Tolbert challenges the sufficiency of the evidence to support his conviction.
The corpus delicti of the crime was fully established by the direct testimony of Bates, the victim, and Tolbert’s participation was established by his confession.
Tolbert’s defense was an alibi, that he had been engaged in a fight at a bar at about the time the robbery was said to have been committed. There was a lack of uniformity in the testimony of the witnesses as to the exact times involved. In this situation, the evidence presented a factual question for solution by the jury. The trial court correctly declined to direct a verdict at the conclusion of the State’s case and properly overruled Tolbert’s request for a peremptory instruction at the conclusion of the case. Submission of the case to the jury for a determination was proper. Bullock v. State, 391 So.2d 601 (Miss.1980), Cochran v. State, 278 So.2d 451 (Miss.1973), Warn v. State, 349 So.2d 1055 (Miss.1977).
Tolbert’s contention is that the State’s entire case against him consists in his alleged confession and that conviction in a criminal case may not rest solely upon the confession of the accused alone. In this case, however, the corpus delicti of the crime was fully established by the testimo *873 ny of the victim, Bates, and this, together with the confession, supplied amply support for the jury’s verdict of guilty. Gross v. State, 191 Miss. 383, 2 So.2d 818 (1941).
Tolbert contends that the trial court erred in declining to provide a special ve-nire for the trial of his case. The circumstances attending this request were stated into the record by the trial judge:
[THE TRIAL JUDGE]:
In this cause Angelo C. Tolbert and Ervin McClain, Jr. were jointly .indicted on the charge of Armed Robbery. By entries in the Court’s State docket they were both arraigned on July 17,1980, and entered a plea of not guilty. From the docket, August 2 was set as the date for the trial. A lawyer was appointed for each defendant. Several motions have been filed in this case, and the Court has passed on those which have been called up by the movant. The file record shows that McClain did file a Motion for a Special Venire on his own behalf, but that motion has never been called up before the Court. McClains’ severance motion was called up this date, was confessed by the State, and sustained by this Court. Tolbert filed his Motion for a Special Venire, which the Court is now considering on this date, the trial date of this cause, it having been set forward from August 2nd and for August 13th — that is tomorrow.
Under the laws of this State persons charged with capital crimes and manslaughter are entitled to a special venire upon their requests. It is a waiveable right. The time for the Motion for a Special Venire to be called up and heard is on arraignment, and it is the duty of the Defendant and his counsel upon it being refused to continue to call the motion up before the Court until the trial is commenced, and to complain about the ruling of the Court thereafter, and motions for special venire are frequently called up after arraignment and granted, but in this case, in the case of this motion, the Defendant asked an impossibility for the law further requires that the special venire be selected, summonsed, and served and a return of the service delivered to the Defendant at least one full day prior to trial. This is 7:30 P.M. on the day before the trial setting, the Court having been involved in a trial all day, and the motion now being presented. The Court takes notice the the Defendant has been represented by counsel at least since arraignment, that this cause was set down for trial ten days ago. That although these defendants were jointly indicted each was provided with a lawyer with having each one represented individually. The Court is of the opinion that the failure to call up a Motion for a Special Venire for this cause is tantamount to a waiver of that right, it being called up on the day before the trial, and it being impossible for the Court to provide a special venire let alone provide a return a full day before the trial, and the Motion is overruled.
Manifestly, it would have been a physical impossibility on the eve of the trial to draw, summon and have in attendance a special venire in time for the trial the next morning. The court correctly declined to grant Tolbert’s request under the circumstances. Moreover, there is no assertion, and certainly nothing to indicate, that the jury which tried Tolbert was biased, prejudiced or unfair. Sharplin v. State, 357 So.2d 940 (Miss.1978), Porter v. State, 193 Miss. 774, 10 So.2d 377 (1942).
In Kendall v. State, 249 So.2d 657, 660 (Miss.1971) it was held:
There is no assertion or charge that the jury which tried the appellant was in any way biased or unfair, nor is it shown that appellant exhausted his peremptory challenges in empaneling the jury. All the United States Constitution (Sixth Amendment) or our State Constitution (Section 26) requires (that might affect the issue here) as to a jury in criminal cases is that it be “impartial.” [Emphasis added].
In the present case it is not shown whether Tolbert used all (or for that matter, any) of his peremptory challenges. See *874 Tanner v. State, 190 So.2d 670 (Miss.1966) as to the requirement that a motion for a special venire must be made a reasonable time before trial and that the denial of such a motion will not be grounds for a reversal, unless the court “is satisfied that injustice resulted therefrom.”
The transcript of the proceedings discloses no prejudicial error occurred in Tolbert’s trial. The court reduced the charge against him from armed robbery to robbery and in the court’s instructions to the jury restricted the question of his guilt to that offense and it was of that offense that Tolbert was convicted. This cannot be said to have prejudiced Tolbert.
The conviction and sentence appealed from are affirmed.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.