## HARRISON v. STATE.

(Division B. Feb. 5, 1934.)

[152 So. 494. No. 30886.]

J. M. Travis, of Meridian, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **J. M. Travis,** for appellant, and by **W. D. Conn, Jr.,** for the State.

**Griffith, J.,** delivered the opinion of the court.

A special venire was drawn and summoned, but upon the voir dire all except about twelve of the venire were found disqualified. Appellant thereupon demanded another special venire, and the refusal thereof by the court is assigned as error. The assignment is not well taken, because the statute, section 2061, Code 1930, expressly provides that, when a special venire is exhausted without a jury being impaneled, the court shall proceed to make up the jury from the regular panel and from tales jurors. A second special venire is allowable only when the first has been quashed for reasons which so completely dislodge the said first special venire that it has never been or become a special venire at all.

The wife of the deceased was the only eyewitness to the homicide, other than the parties, and it was chiefly

upon her testimony that the conviction was obtained. On her cross-examination she was asked whether she had "talked to a good many people about this thing," to which she replied that she had not. The defendant offered a witness to prove that the wife had stated to this witness shortly after the homicide that she did not see it. This impeaching proof was properly refused, because no adequate predicate was laid for it. In order to impeach a witness by his alleged previous statements or conversations, he must, by the predicate, be apprised of the time, place, and persons present, and the particular matter as to which it is designed to impeach the witness must be distinctly presented to his or her attention. Bonelli v. Bowen, 70 Miss. 142, 149, 11 So. 791.

We have carefully examined all the other assignments and find that none of them presents reversible error in this case.

Affirmed.