# CHURCH *v.* STATE.

(Division B.   Oct. 4, 1937.)

[176 So. 162.   No. 32717.]

W. T. Weir, of Philadelphia, for appellant.

442

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Anderson, J.**, delivered the opinion of the court.

Appellant and her son, William Church, were indicted, jointly tried, and convicted in the circuit court of Neshoba county of the murder of George Church, the husband of appellant and the father of William Church. Appellant was sentenced to the penitentiary for life, and the fifteen year old son was sentenced to the state reformatory. From that judgment appellant prosecutes this appeal.

On the morning of the 1st of May, 1936, George Church was found dead by some of his neighbors on his front porch. His death was caused by his throat being cut. There was a pocket-knife lying near one of his hands and a great deal of blood was in the house and on the porch. A bloody razor was found in the house. His wife and his seven children were not at home; she was found at the home of one Tingle, a near neighbor. The evidence tended to show that the wife, with the assistance of the son, committed the homicide; that an altercation and fight occurred between them growing out of jealousy on his part because of the attentions of other men, especially Tingle. At the time George Church was sixty-three years old and his wife was thirty-three. She weighed more than he did, and both were physically active and strong. The conviction was based on the confessions of appellant and her son William, in connection with their testimony as witnesses at the trial and the surrounding circumstances testified to by other witnesses.

Appellant and her son testified that the deceased struck appellant on the head with a heavy hickory stick, knocking her down. Appellant testified further that when she arose she seized a razor, but did not know whether she cut her husband with it or not. The son

testified that she threw the razor at him, and he did not know whether it cut him or not. She had a wound on her head but not a serious one. The state proceeded on the theory mainly that appellant's motive was to get rid of her husband for another man.

There was a coroner's inquest, at which Kirkland, a justice of the peace, officiated. Over appellant's objection he was permitted to testify that the son stated in his evidence at the inquest that he saw his mother and Tingle in bed together on one occasion, as well as other circumstances indicating that they were too intimate.

It is argued that the predicate was not properly laid for the contradiction; that on the trial the son was not asked whether he so testified at the inquest. We are of the opinion that the objection was well taken. He was asked on cross-examination whether he testified at the inquest that Tingle visited his mother in the absence of his father, and whether the latter was jealous of his attentions, but he was not asked whether he testified that he saw them in bed together on one occasion. To impeach a witness by previous statements, he must by proper predicate be apprised of the time, place, and persons present, and the particular impeaching matter must be distinctly brought to his attention. Harrison v. State, 168 Miss. 699, 152 So. 494; Bonelli v. Bowen, 70 Miss. 142, 11 So. 791; Roney v. State, 167 Miss. 827, 150 So. 774. This was not done. Kirkland's testimony must have been very damaging to appellant. The Attorney General argues, however, that this question was not raised by proper objection. We think the argument is without merit. Appellant's attorney objected in this language: "We object to that. The record doesn't show that he was asked that question." That could mean nothing less than the proper predicate had not been laid.

Appellant also testified at the coroner's inquest. Her testimony was used against her on the trial, over objection. The record does not disclose whether she voluntarily testified, or was called and used as a witness in

like manner with the other witnesses. If the latter course was pursued, her testimony was not voluntary, and the use of it violated section 26 of the Constitution. Steele v. State, 76 Miss. 387, 24 So. 910. On another trial if it should develop that her testimony was not voluntary, it should not be admitted.

Reversed and remanded.