503 So.2d 222 (1986)
Lewis Brooks RAY
v.
STATE of Mississippi.
No. 56589.
Supreme Court of Mississippi.
November 5, 1986.
As Modified on Denial of Rehearing February 25, 1987.
Tom T. Ross, Jr., Ross & Ross, Clarksdale, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON PETITION FOR REHEARING
ROBERTSON, Justice, for the Court:

I.
At its core this appeal of an armed robbery conviction asks that we consider whether a pre-trial notice of alibi filed by defense counsel may be employed by the prosecution as substantive evidence. We hold that it may not. The notice of alibi is merely a notice that the defendant may assert an alibi defense at trial. It is required under a procedural rule designed to minimize the practice of trial by ambush.
Because the Circuit Court allowed the notice of alibi, over defense objections, to be considered by the jury as evidence against the accused, we reverse and remand for a new trial.

II.
Shortly before 5:00 o'clock on the afternoon of October 13, 1984, a man, said to be Lewis Brooks Ray, Defendant below and Appellant here, entered the premises of Clarksdale Beauty Supply Company and at gunpoint robbed its proprietor, Fred M. Dawson, of approximately $1,555.00. Shortly thereafter Ray was arrested and on January 2, 1985, he was formally charged in an indictment returned by the Coahoma County Grand Jury with the crime of armed *223 robbery. Miss. Code Ann. § 97-3-79 (Supp. 1985). The matter was called for trial in the Circuit Court of Coahoma County, Mississippi, on February 7, 1985, at the conclusion of which the jury found Ray guilty of armed robbery. The Circuit Court thereupon sentenced Ray to a term of forty years imprisonment, the jury having failed to reach an agreement regarding the penalty to be imposed. Following the usual post-trial motions, this appeal has been perfected.
Ray presents six assignments of error, one of which will require reversal. Two of the assignments of error relate to issues almost certain to arise upon remand, and in the interest of judicial efficiency, we will address them. The other three assignments of error relate to issues which seem unlikely to recur and with respect to which, in any event, our law is reasonably well settled. Those issues will not be addressed.

III.
Ray's first assignment of error, if we understand it correctly, is that the Circuit Court erred in overruling his motion to suppress the testimony of Fred W. Dawson insofar as Dawson identified Ray as the perpetrator of the armed robbery. Ray argues that a show-up conducted by law enforcement officers shortly after his arrest had such an impact upon Dawson that Dawson's identification testimony at trial was more likely the product of his observations of Ray at the show-up than his memory of the appearance of the armed robber on the afternoon of October 13. Put otherwise, Ray argues that under the totality of the circumstances there was a substantial probability that Dawson misidentified Ray as the man who entered his place of business on the 13th of October, 1984. Ray complains both of the show-up where Dawson identified him at the police station and of a previous procedure whereby Dawson identified a photograph of Ray in police files.
Disposition of this point is controlled by the pattern of analysis emanating from the familiar case of Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), where the Court identified five factors to be considered by the trial court in determining whether the witness' in court testimony had been impermissibly tainted by his participation in law enforcement investigatory identification procedures. Those factors are:
(1) the opportunity of the witness to view the accused at the time of the crime;
(2) the degree of attention exhibited by the witness;
(3) the accuracy of the witness' prior description of the criminal;
(4) the level of certainty exhibited by the witness at the confrontation; and
(5) the length of time between the crime and the confrontation.
409 U.S. at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411.
We have followed the Neil v. Biggers standards on numerous occasions. Thompson v. State, 483 So.2d 690, 692 (Miss. 1986); Johnson v. State, 476 So.2d 1195, 1205 (Miss. 1985); Robinson v. State, 473 So.2d 957, 959-61 (Miss. 1985); Tobias v. State, 472 So.2d 398, 399 (Miss. 1985).
The record reflects that Dawson was face to face with his armed robber on October 13, 1984, for approximately one minute. Consideration of none of the Neil factors suggests on these facts no substantial possibility of misidentification. At the conclusion of the hearing on the pre-trial motion to suppress, the Circuit Court stated its opinion that Dawson's "identification [of Ray] was reliable enough not to be tainted by some suggestion" but reserved final ruling on the point until Dawson testified at trial. When that point was reached, defense counsel objected to Dawson's in court identification testimony and the Circuit Court overruled the objection. Quite clearly, the combined effect of the Circuit Court's pre-trial and trial rulings is that of a finding of fact that, under the totality of the circumstances, Dawson's in court identification testimony had not been impermissibly tainted. We may, of course, disturb such a finding only where there is an absence *224 of substantial credible evidence supporting it. See Watts v. State, 492 So.2d 1281, 1289 (Miss. 1986). Here there is no such absence. Ray's Assignment of Error No. 1 is denied.

IV.
Ray argues that the Circuit Court erred in refusing to require the prosecution to disclose the name of a confidential informant who first supplied Ray's name as the perpetrator of the robbery. Fred M. Dawson, the prosecuting witness, testified that he had received a phone call the night of the robbery stating that Lewis Brooks Ray was the man who had committed the robbery. This information, we are told, led to Ray's arrest and prosecution.
Our law is familiar and well settled on this point. If the informant is a person who participated in the criminal activity or who is a material witness to facts of substantial relevance to the matter of whether the accused is guilty, his name ordinarily must be disclosed to the defense. On the other hand, a confidential informant who neither participated in the crime nor witnessed it ordinarily may remain undisclosed. See, e.g., Garvis v. State, 483 So.2d 312, 316 (Miss. 1986); Breckenridge v. State, 472 So.2d 373, 377 (Miss. 1985); Wilson v. State, 433 So.2d 1142, 1145 (Miss. 1983); Young v. State, 245 So.2d 26, 27 (Miss. 1971).
The present record fails to reflect that the person who called Dawson on the night of October 13 had either witnessed the armed robbery or participated in it. Indeed, Dawson's testimony that he was robbed by a lone assailant would seem to negative any suggestion that another individual  the confidential informant  was either present as a witness or a participant in the robbery. Under these circumstances the Circuit Court committed no error in refusing to require the prosecution to disclose the name of the individual who called Dawson on the night of the robbery.

V.
The dispositive assignment of error concerns the prosecution's use of the contents of the Notice of Alibi filed on behalf of Defendant Ray prior to trial. The record reflects that on February 4, 1985, pursuant to Rule 4.07, Miss.Unif.Crim.R.Cir.Ct.Prac., a Notice of Alibi was filed which reads as follows:
COMES NOW the Defendant, by and through his attorney of record, Tom T. Ross, Jr., and hereby notifies the State of his intention to offer the following amended alibi for October 13, 1984:
1) TIME: 3:55  4:30 p.m. PLACE: At step-sister's house WITNESSES: None
2) TIME: 4:30  4:50 p.m. PLACE: Walked to campus of Elisa Clark School
WITNESSES: Melvin Johnson, Tommy Williams
3) TIME: 4:50 p.m. PLACE: Left campus of Elisa Clark School; went home until 5:05 or 5:10 p.m.
WITNESS: Bruce Brooks
4) TIME: 5:10  5:20 to 5:30 p.m. PLACE: Home of Mello V. Robertson WITNESS: Dora Young and Mello V. Robertson
5) TIME: 5:30 p.m. PLACE: Home WITNESSES: Bruce Brooks, Floyd Williams and Kimmons
6) TIME: 6:45  6:00 p.m. PLACE: Elisa Clark School and Liquor store
WITNESSES: Melvin Johnson, Johnny Williams, Kimmons
At trial only one of the witnesses listed in the Notice of Alibi, Mello V. Robertson, was called by the defense. Defendant Ray took the witness stand himself and gave his version of his whereabouts on the afternoon of October 13. In any event, at trial the prosecuting attorneys took the position that the testimony of Defendant Ray and Witness Robertson conflicted with the information supplied in the Notice of Alibi and offered the notice as an exhibit as a part of their rebuttal evidence. The defense objection was twofold. First, Ray *225 did not sign the Notice of Alibi nor was a predicate of his having endorsed its contents otherwise shown. Second, the document lists a number of witnesses not called by the defense and, according to Ray, he was substantially prejudiced by the jury's receiving a negative inference from his failure to call these witnesses.
The record reflects that the Notice of Alibi was signed by defense counsel only. There is nothing in the record reflecting that it was shown to Ray or that he endorsed or ratified it nor was any predicate laid showing that it was shown to or endorsed by Mello V. Robertson. In that sense the document certainly does not qualify as impeachment evidence in the technical sense.
Our concern is more fundamental. Rule 4.07 requiring the filing of a notice of alibi is a part of our procedural rules which in the aggregate are designed to assure a fair trial. The document is what  and all  that its name implies: a notice of the possibility that the defendant may assert an alibi defense. One of the fundamental policies of our criminal procedural rules is the avoidance of unfair surprise to either the prosecution or the defense. See Coates v. State, 495 So.2d 464, 467 (Miss. 1986). The function of the notice of alibi is to afford the prosecution advance notice that the defendant may claim an alibi and that, if he does, his evidence will be thus and such. In this way the prosecution is afforded a reasonable opportunity to investigate the alibi and be prepared to offer counter evidence at trial if the alibi is in fact asserted. The rules, however, do not require that a defendant giving notice of alibi go forward with the alibi.[1] As a matter of trial strategy, the defendant and his attorney are free to change their mind regarding the defense to be offered.
Here Defendant Ray did indeed seek to establish an alibi. If the testimony he offered in support of his alibi defense was (as the prosecution contended at trial) substantially at odds with the information provided in the Notice of Alibi, the prosecution may well have had an objection to the alibi testimony which, if it had been asserted, may well have been sustained.[2] For whatever reason, however, the prosecution in the case at bar made no objection to the alibi testimony of Ray and Robertson.
Where no predicate has been laid by showing that the Defendant Ray signed or provided the specific information contained in the Notice of Alibi, it may not be used as impeachment or rebuttal evidence.[3] Moreover, the Circuit Court's error in overruling defense objections to submission of the Notice of Alibi to the jury carried the substantial probability of prejudice to the Defendant in view of the fact that the notice listed the names of Melvin Johnson, Tommy Williams, Bruce Brooks, Dora Young, Floyd Williams, Johnny Williams and someone named Kimmons as witnesses to his whereabouts on October 13, 1984. It is quite likely that the jury drew an inference *226 from Ray's failure to call any of these witnesses that, if they had been called, their testimony would have been unfavorable to him. At the very least, reasonable jurors might have concluded that Ray's failure to call these witnesses left important facts unexplained. We will not allow the prosecution to take a shield afforded it for the purposes of assuring fairness in the trial and to use it as a sword for the purpose of subjecting the defendant to unfairness. See Moore v. State, 405 So.2d 97, 98-101 (Miss. 1981).
In view of the foregoing, we hold that the Circuit Court erred when it overruled defense objections to the prosecution's use of the Notice of Alibi as an exhibit which was presented to the jury as a part of the prosecution's rebuttal case. The judgment of conviction and sentence issued thereupon are reversed and the case is remanded to the Circuit Court for a new trial consistent with this opinion.
PETITION FOR REHEARING DENIED; OPINION MODIFIED; REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., and HAWKINS, P.J., dissent by separate written opinion.
WALKER, Chief Justice, dissenting.
The majority holds today that a notice of alibi which has not been signed or otherwise ratified by the defendant may not be used as impeachment or rebuttal evidence in a criminal trial, even when the defendant's testimony is in direct contradiction to the notice of alibi.
This very issue was presented to the Supreme Court of Indiana in Randall v. State, 455 N.E.2d 916 (Ind. 1983). In that case, as in the case at bar, the defendant/appellant argued that the notice of alibi should not have been used against him since it was prepared and signed by counsel and not by the defendant himself. The Indiana Court was not persuaded:
Appellant's objection was that the notice of alibi was a pleading required to establish an alibi defense and that the notice was neither certified to nor signed by Appellant personally and therefore could not be used by the State to cross-examine him. The State's position was that this was a pleading filed by Appellant by which Appellant stated that he was going to show that he was at the places at the times and in the presence of those individuals named in the pleading. The State argues that Appellant's own pleading made this information available to the trier of fact.
The trial judge decided that inasmuch as Appellant was before the jury testifying as to his whereabouts and his activities, the State should be allowed to impeach him by his conflicting statements in regard to the same time period. We agree with the trial judge. The notice of alibi is given by a defendant for purposes of permitting him to bring forth evidence in his defense to show that he was at another place and involved in other activities at the time the crime was committed. Ind. Code § 35-5-1-1 does not require the notice of alibi to be verified or to be signed by the defendant. It is nonetheless his statement and is voluntarily filed by him.
* * * * * *
We do not find that the trial judge erred by permitting Appellant's impeachment by statements made in his Notice of Alibi when said statements were in conflict with statements he was making in his direct testimony before the jury. The trial court did not err by admitting this pleading into evidence.
455 N.E.2d at 926.
Mississippi law also supports the view that the State should be allowed to use the notice of alibi. In civil cases, the parties are bound by their pleadings, Minor v. Engineering Service Co., Inc., 304 So.2d 45, 48 (Miss. 1974), and a witness may be impeached by a pleading, even though the pleading is unsworn and was made in an entirely separate action, Vinson v. Glenn, 338 So.2d 385, 387 (Miss. 1976). That federal courts have held parties to be bound by their pleadings indicates that our rule is not altered by the adoption of Rule 8, Miss. R.Civ.P., which allows inconsistent grounds *227 for relief to be pleaded in the alternative. O'Neil v. Four States Builders, 484 F. Supp. 18, 20 (D.C.Pa. 1979); Giles v. St. Paul Marine and Fire Ins. Co., 405 F. Supp. 719, 725 n. 2 (D.C.Ala. 1975). Depositions may be used for impeachment, Rule 32(a)(1). Miss.R.Civ.P., as may answers to interrogatories, Rule 33(b), Miss.R.Civ.P. Matters admitted in response to requests for admissions are conclusively established (unless the court allows the response to be amended or withdrawn), even when the party himself does not sign the response. Rule 36, Miss.R.Civ.P. (response to be signed by party or by his attorney). The fact that sanctions are available to compel compliance with, or punish non-compliance with, civil discovery requirements has no effect on the discovering party's ability to use at trial that which the opposing party has provided in response to discovery requests. I believe similar principles should guide the use of a notice of alibi provided pursuant to Rule 4.07.
Furthermore, this same concept, that a party should not be allowed to change his story without being subject to impeachment and rebuttal, has been applied by this Court in a criminal case, Gilliard v. State, 428 So.2d 576 (Miss.), cert. denied, 464 U.S. 867, 104 S.Ct. 40, 78 L.Ed.2d 179 (1983). Gilliard entered a plea of guilty to capital murder and then, during the sentencing hearing, testified that his gun discharged by accident and so the killing was unintentional. In an effort to impeach Gilliard on the issue of whether the killing was intentional, the prosecutor questioned him about his guilty plea. This Court held that such questioning was proper impeachment. 428 So.2d at 576. If a plea of guilty may be used to impeach, I see no compelling reason why a notice of alibi may not be similarly utilized when the defendant's testimony is inconsistent with it.
There can be little doubt that a statement such as this notice of alibi will be admissible in cases tried pursuant to the recently adopted Mississippi Rules of Evidence (effective January 1, 1986). Rule 801(d)(2) provides, in pertinent part, that "[a statement is not hearsay if] the statement is offered against a party and is ... a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." This rule establishes that a statement is not inadmissible simply because it was made by the attorney rather than the party. The comment to Miss.R. Evid. 801 expressly provides that "[i]f the defendant in a criminal trial has made a prior inconsistent statement, the situation is governed by Rule 801(d)(2)." Moreover, the federal counterpart to our Rule 801(d)(2) has been interpreted as rendering admissible the statement of an attorney made during the representation of a criminal defendant about a matter within the scope of that representation. United States v. Ojala, 544 F.2d 940, 946 (8th Cir.1976).
In the case at bar, the notice of alibi was prepared and submitted by Ray's attorney during the time he represented Ray. It would be difficult to imagine a matter more within the scope of that representation than the alibi at issue here. Thus, I believe such a notice of alibi is admissible, in cases tried under the Mississippi Rules of Evidence, as a statement of a party opponent pursuant to Rule 801(d)(2)(D).
I would affirm the lower court's holding that the notice of alibi may be used for impeachment or rebuttal. I would also amend Rule 4.07 of the Uniform Criminal Rules of Circuit Court Practice so as to require the defendant to personally sign a notice of alibi filed pursuant to the rules. The judgment of conviction and sentence should be affirmed.
NOTES
[1] In its brief in support of petition for rehearing, the State concurs in the proposition that the filing of a notice of alibi does not obligate the defendant to go forward with one. The State's brief repeats the sentence noted above and adds "The State does not disagree."
[2] The sanctions portion of Rule 4.07 reads as follows:

Upon the failure of either to comply with the requirements of this rule, the court may use such sanctions as it deems proper, including:
(1) Granting a continuance;
(2) Limiting further discovery of the party failing to comply;
(3) Finding the attorney failing to comply in contempt; or
(4) Excluding the testimony of the undisclosed witness.
This rule shall not limit the right of the defendant to testify in his own behalf.
[3] Lest there be no misunderstanding, we emphasize that nothing said in this opinion should be taken as suggesting that a notice of alibi may never be to impeach a defendant. To the contrary, what we say today is no deviation from our general rules allowing impeachment of a defendant via cross-examination regarding a prior inconsistent statement on a material issue. Those rules, of course, require at a minimum a predicate showing that the defendant made the statement, furnished the information from which it was made, or in some way ratified it. See Hubbard v. State, 437 So.2d 430, 434-35 (Miss. 1983); Church v. State, 179 Miss. 440, 445, 176 So. 162, 163 (1937).