# IN THE COURT OF APPEALS 3/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00474 COA

JAMES BERNARD LAWSON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. WILLIAM F. COLEMAN

COURT FROM WHICH APPEALED: CIRCUIT COURT OF HINDS COUNTY

ATTORNEY FOR APPELLANT:

WILLIAM TURNAGE

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: W. GLENN WATTS

DISTRICT ATTORNEY: ED PETERS

NATURE OF THE CASE: CRIMINAL: ARMED ROBBERY

TRIAL COURT DISPOSITION: APPELLANT CONVICTED OF ARMED ROBBERY AND
SENTENCED TO 25 YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF
CORRECTIONS

BEFORE BRIDGES, C.J., DIAZ, AND KING, JJ.

KING, J., FOR THE COURT:

James Bernard Lawson was convicted of armed robbery in the Circuit Court of Hinds County. Aggrieved, Lawson appeals his conviction alleging the following errors: (1) the trial court erred in allowing the State to amend the indictment by changing the date that the crime was committed; (2) the trial court erred by denying his motion to dismiss for the State's failure to prove venue; (3) the trial court erred by granting the State's motion to strike for cause, juror 2-9; (4) the trial court erred by denying his motion in limine to prohibit an in-court identification of him by the victim; (5) the trial court erred by giving jury instruction S-3; (6) the trial court erred by refusing jury instructions D-4 and D-5; and (7) the verdict was contrary to the overwhelming weight of the evidence. Finding his arguments to be without merit, we affirm the trial court's disposition of this case.

FACTS

On February 25, 1993, James Bernard Lawson and Dexter Walker robbed Morris Wade at gun point. The robbery occurred outside the city limits of Raymond, at Wade's business, M & M Recreation. Wade was behind the counter when the Defendant, Lawson, came up to the counter, got a cigarette, looked around, and left. After a few minutes, both Dexter Walker and Lawson entered the building and robbed Wade. Walker held a gun on Wade while Lawson grabbed and held Wade's hands in front of him. Walker then took money from the cash register and Wade's wallet. Wade testified that the two took about $300.00 before they led him outside.

When the three got outside, Lawson told Wade that he was going to take him to the back of the building. Wade shoved Lawson and ran back inside. Walker shot into the building, breaking the glass door. As the two perpetrators got into a car to leave, Wade got his gun from behind the counter. As Lawson attempted to drive away, he backed into a ditch, and the car stalled in the mud. They then jumped out of the car and ran into the woods. The police arrived at the scene and searched for Lawson and Walker but could not find them.

Later, the police were able to locate Walker because the car left at the scene was registered in his name. Upon his arrest, Walker indicated that James Lawson was his accomplice in the robbery of Wade. When Lawson was later arrested, he confessed to having committed the robbery with Walker. They were both charged with armed robbery. Lawson later recanted his confession contending that he did not know that Walker planned to commit the robbery. Walker plead guilty and testified against Lawson. The jury convicted Lawson and sentenced him to twenty-five years in the custody of the Mississippi Department of Corrections. Lawson now appeals.

I.

DID THE TRIAL COURT ERR BY ALLOWING THE STATE TO AMEND THE DATE ON THE INDICTMENT.

First, Lawson contends that the trial court erred by allowing the State to amend the indictment to

show that the robbery was committed on February 25, 1993, instead of March 25, 1993. He contends that the amendment was invalid because there was no proof to support the change in date and there was no written motion filed by the State.

The State argues that although the March 25, 1993, date was a typographical error, the "on or about" language was sufficient to place the Defendant on notice. The State argues that the crime was committed on February 25, 1993, and that both Walker and the Defendant testified to this fact. Further, the State insists that the amendment was not error, because Lawson's defense was neither surprised nor prejudiced by the amended date. We agree.

Further, Lawson's indictment was not fatally defective merely because the date was stated imperfectly. More specifically, it was not fatal because the date was not of the essence of the offense. Section 99-17-5 of the Mississippi Code provides:

> An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor the want of a proper or perfect venue.

Miss. Code Ann. § 99-7-5 (1972).

In addition, an indictment incorrectly charging that the offense was committed on one date, while the evidence showed that it was actually committed on another date, is sufficient where the defendant was not surprised or prejudiced by testimony. *Deaton v. State*, 242 So. 2d 452, 453 (Miss. 1970). The record shows that the State moved the court to amend the indictment's date prior to opening statements. Immediately following the court's ruling on the Defendant's motion in limine to suppress a pre-trial identification, the State indicated there had been a typographical error on the indictment. The State also indicated that no alibi had been given by the Defendant that conflicted with the true and correct date of February 25,1993. Furthermore, the Defendant testified during the trial that he was with Dexter Walker on February 25, 1993, when the offense was committed. This was consistent with Walker's testimony that he and Lawson robbed Wade at M & M Recreation on February 25, 1993. Therefore, the defense was not surprised by the State's motion to amend the indictment, nor was there any indication in the record that Lawson was prejudiced by the amendment.

We also find no merit in the Defendant's argument that the amendment was invalid because there was no written motion. Defendant has cited no authority supporting his contention that a written motion must precede an amendment of the indictment. The State made the motion on the record, and we find that sufficient.

## II.

## DID THE TRIAL COURT ERR BY DENYING THE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROVE VENUE?

Lawson's second point of error alleges that the trial court erred by denying his motion to dismiss for failure to prove venue. We find no merit in this argument. The State sufficiently established venue with the testimony of at least two police officers. Detective James Davis testified that M & M Recreation was located outside the city limits of Raymond, within the boundaries of the second judicial district of Hinds County, in the State of Mississippi. Therefore, venue was sufficiently established.

## III.

## DID THE TRIAL COURT ERR BY GRANTING THE STATE'S MOTION TO STRIKE JUROR 2-9 FOR CAUSE?

Juror Ms. Joan Powell indicated during two lengthy inquiries that she could not carry out her duties as juror in an impartial manner. She told the court that she had a nephew who had been arrested several times: once for armed robbery. Ms. Powell stated that she was softhearted and believed in giving a person a second chance even though the person violated the law. She indicated that if a person violated the law the person should be punished, but she was not the person to do it. Finally, she stated a dislike for policemen--having once been detained by several policemen, who had mistaken her for a suspect that they were pursuing.

"In order to strike a juror for cause, there must be a clear showing that the prospective juror would be unable to follow the court's instructions and obey his oath; a juror's views alone do not constitute grounds for a challenge. A clear showing that a juror's views would prevent or significantly impair the performance of his duties requires more than a single response to an initial inquiry." *Martin v. State*, 592 So.2d 987, 988 (Miss. 1991). We find that the trial court did not err in allowing the State to strike Ms. Powell for cause. The record provided a clear indication that Ms. Powell's views would prevent or significantly impair the performance of her duties as a juror. Further, because the trial judge observes the individual jurors, he is best suited for determining whether a particular person's attitude indicates if he or she is capable of carrying out the duties of a juror. *Coverson v. State,* 617 So. 2d 642, 646 (Miss. 1993). We defer to that discretion. Therefore, we find no merit in this assignment of error.

## IV.

## THE TRIAL COURT ERRED BY DENYING THE DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE VICTIM FROM IDENTIFYING THE DEFENDANT DURING TRIAL THEREBY VIOLATING THE DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW.

Lawson contends that Wade's courtroom identification of him as one of the robbers was tainted by an improper pretrial lineup identification and should have been suppressed. He claims that by

allowing Wade to identify him as one of the robbers, the court erred and in doing so violated his constitutional right to due process of law.

Our review of this issue is controlled by *Neil v. Biggers*, 409 U.S. 188, 199 (1972). *Biggers* provided five factors for the trial court to consider in determining whether a witness' in-court identification had been impermissibly tainted by a prior suggestive identification procedure. Those factors are:

> (1) the opportunity of the witness to view the accused at the time of the crime;
>
> (2) the degree of attention exhibited by the witness;
>
> (3) the accuracy of the witness' prior description of the criminal;
>
> (4) the level of certainty exhibited by the witness at the confrontation; and
>
> (5) the length of time between the crime and the confrontation.

*Neil v. Biggers*, 409 U.S. at 199.

During the motion to suppress the lineup identification, Wade testified that Lawson came into his business wearing red britches, got a cigarette, and left. When Lawson returned, he was with Walker, who held a gun in Wade's face. Wade testified that Lawson grabbed and held his hands in front of him during the robbery. He also stated that Lawson led him outside and attempted to take him to the back of the building. During most of the robbery, Wade was only two to three feet away from Lawson. In his opinion, the trial judge stated that Wade's testimony was "sufficiently strong and positive," and his identification of Lawson was "solely based on his observation . . . and not as a result of the lineup." While the trial judge did not address each specific factor on the record, he did base the determination on Wade's account of the robbery and Wade's opportunity to observe Lawson during the commission of that robbery. The trial judge's ruling is based upon his findings of fact, based on the totality of the circumstances. *Ray v. State*, 503 So. 2d 222, 223 (Miss. 1986). We will disturb his findings only where we find an absence of substantial credible evidence supporting it. *Ray v. State*, 503 So. 2d at 223-24. Because Wade provided the court with substantial credible evidence, we find no reason to disturb the trial judge's ruling that the in-court identification was not influenced or tainted by the pre-trial lineup.

### V.

### DID THE TRIAL COURT ERRED BY GRANTING JURY INSTRUCTION S-3?

Lawson argues that the trial court erred by giving jury instruction S-3, which read as follows:

> The court instructs the jury that each person present at the time, and consenting to and encouraging the commission of a crime, and knowingly, wilfully and feloniously doing any

act which is an element of the crime or immediately connected with it, or leading to its commission, is as much a principal as if he had with his own hand committed the whole offense; and if you believe from the evidence, beyond a reasonable doubt, that the Defendant, James Bernard Lawson, did wilfully, unlawfully, knowingly, and feloniously do any act which is an element of the crime of armed robbery, or immediately connected with it, or leading to its commission, then in that event, you should find the Defendant, James Bernard Lawson, guilty as charged.

The Mississippi Supreme Court has long determined that "[a]iding and abetting in the commission of a crime involves a community of unlawful purpose at the time the act was committed. It involves some participation in the criminal act, in furtherance of the common design either before or at the time that the criminal act is committed." *Shedd v. State*, 87 So. 2d 898, 900 (Miss. 1956). S-3 above allowed the jury to determine Lawson's level of participation consistent with the evidence put forward by the State. Therefore, we find that S-3 was not granted in error.

VI.

DID THE TRIAL COURT ERR BY REFUSING JURY INSTRUCTIONS D-4 AND D-5?

Lawson contends that the trial court erred by not granting jury instructions D-4 and D-5, which were substantially the same. D-4 reads as follows:

If you find from the evidence in this case beyond a reasonable doubt that James Bernard Lawson, on or about March 25, 1993 in Hinds County assisted Dexter Andre Walker by aiding Dexter Andre Walker in avoiding arrest or detention by driving him from the scene of the crime and James Bernard Lawson knew that Dexter Andre Walker had committed the crime of armed robbery, and that Dexter Andre Walker had completed the commission of the armed robbery which is a felony under the laws of Mississippi, and James Bernard Lawson performed the action with intent of enabling Dexter Andre Walker to avoid arrest after Dexter Andre Walker committed the crime of armed robbery, then you shall find James Bernard Lawson guilty of accessory after the fact to armed robbery.

Both Wade and Walker testified that Lawson participated in the offense. The testimony shows that Lawson went into M & M Recreation to look the place over before the robbery. Testimony indicates that Lawson held Wade's hands while Walker removed money from the cash register and while he removed Wade's wallet from his person. The testimony reveals that Lawson led Wade outside and attempted to take him to the back of the building. This testimony provided the jury with ample evidence that Lawson acted as a principal and not as an accessory after the fact. "It is well settled that an instruction on a lesser included offense should be given when justified by the evidence." *Knowles v. State*, 410 So. 2d 380, 383 (Miss. 1982). We find no evidence in this case that justifies

instructions D-4 and D-5. Therefore, we find that trial court properly refused these jury instructions.


## VII.

## THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.


Finally, Lawson argues that his conviction was against the overwhelming weight of the evidence. The standard of review employed upon a challenge to the weight of the evidence, in a criminal case, is provided by *Thornhill V. State,* 561 So. 2d 1025, 1030 (Miss. 1989):

> In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial. (citations omitted).


Acting under this precept and accepting as true the evidence that the State presented to the jury, we find that Lawson's conviction is supported by the verdict. Finding no abuse of discretion, we affirm the trial court's judgment.

**THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF 25 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO HINDS COUNTY.**


**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**