927 So.2d 751 (2005)
Christopher MORRIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00822-COA.
Court of Appeals of Mississippi.
September 20, 2005.
Derek D. Hopson, Clarksdale, Howard Brown, Jackson, attorneys for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
EN BANC.
*752 LEE, P.J., for the Court.

MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. The Appellee's motion for rehearing is denied. The original opinion is withdrawn and this opinion is substituted.
¶ 2. Christopher Morris appeals from a judgment entered in the Circuit Court of Coahoma County pursuant to a jury verdict finding him guilty of simple assault on a law enforcement officer. In this appeal, he raises two issues: (1) whether the trial court erred as a matter of law by not granting appellant a new trial due to discovery violations, and (2) whether the jury verdict should be reversed because the evidence was against the overwhelming weight of the evidence and insufficient to support the verdict. Finding error, we reverse and remand.

FACTS
¶ 3. Clarksdale police identified Morris for suspicion of stealing a pair of tennis shoes from Shoe City. Apparently, when the police attempted to stop Morris on a city street, he would not cooperate, and at some point, the police fired a shot at Morris after he allegedly pointed a gun at Officer John Chambers. It appears that Morris's defense was that the police had the wrong suspect, and since the erroneous targeting of him had resulted in the police firing a shot at him without justification, the police, in order to justify the shooting, planted a gun at the scene. In other words, Morris apparently contended a police cover-up regarding the gun, as he steadfastly denied he had a gun or pointed a gun at Officer Chambers. Morris was convicted of simple assault for pointing a gun at Officer Chambers.
¶ 4. On the day of trial, the State presented an ore tenus motion to exclude certain defense witnesses. The State explained to the court that Morris's attorney had served the State with a list of nineteen witnesses and that the State would be prejudiced if these witnesses were allowed to testify, given the late disclosure as the State was unaware of what their testimony would be.
¶ 5. The trial judge asked Morris's attorney to explain the substance of each witness's testimony so he could assess whether undue prejudice to the State existed. Four of the witnesses, who were also on the State's list, were allowed to testify. The judge excluded the testimony of two witnesses because he found that their testimony would be prejudicial to the State. Also, the judge reserved ruling on two other witnesses pending the ability of the State to question them before they took the stand. An unknown female officer of the Clarksdale Police Department, either Ulyda Johnson or Tonya Williams, was allowed to give limited testimony.[1] Other witnesses were withdrawn by Morris during the hearing on the ore tenus motion. Additional facts will be given as needed during the discussion of the issues.

ANALYSIS AND DISCUSSION OF ISSUES

1. Discovery Violations
¶ 6. Morris asserts that either the verdict should be reversed or a new trial granted due to discovery violations by the State. Morris contends that the State violated the discovery rules because the State had the names of the witnesses in question prior in time to his attorney obtaining the names. He explains that because the police *753 department was aware of these witnesses since the night of the incident, that knowledge should be imputed to the State. Thus, Morris argues that the names he provided to the State on the day of trial were already known to the State and should have been given to him pursuant to his timely motion for discovery which requested that "[a]ll evidence or information in possession of police or prosecutor which tends to exculpate defendant or which aids in the preparation of a defense" be given to Morris.
¶ 7. Although Morris frames his argument in this manner, the crux of the issue is whether Morris was prejudiced by the trial court's excluding and/or limiting the testimony of certain defense witnesses, namely Linda Leflore, Tasha Leflore, Nathaniel Parish, Edward Robinson, Mahogany Benson, Sergeant Bennie Christian and Officer Tonya Williams. For reasons we will proceed to explain, this Court finds the trial court abused its discretion in the exclusion of Nathaniel Parish and Tasha Leflore.
¶ 8. At the time the Court considered this case originally, Morris had not favored us with a transcript of the trial testimony. All we had to consider was the transcript of the hearing on the State's motion to deny Morris the right to call certain witnesses because Morris's counsel was tardy in disclosing them to the State. Since, as the State correctly argues, it is the appellant's responsibility to provide this Court with a record sufficient to support the allegations of error, a responsibility which was not met by Morris, we were somewhat reluctant to find error in Morris' counsel's failure to properly identify the real issue as a result of what transpired in the court below. Morris characterizes the issue as a discovery violation on the part of the State which, in his opinion, entitles him to a new trial, when in fact it was he who committed the discovery violation that led to the preclusion of certain defense witnesses. While it may be true, as Morris contends, that the State may not have been fully forthcoming with the discovery requested by Morris, it is a stretch to conclude that the State's failure, if any, created the situation. Nevertheless, because of the seriousness of the offense of which Morris was convicted and to ensure that a manifest injustice does not occur, we reach what we consider to be the real effect of the discovery violation on the part of Morris.
¶ 9. Since this case has been on rehearing, we have had the trial testimony transcribed. However, we were satisfied, from the transcript of the hearing on the State's motion to disallow the testimony of the witnesses who were disclosed by Morris's counsel at the eleventh hour, that enough information existed in order for us to conclude that Morris's defense was sufficiently impacted in a negative way so as to afford the relief granted. Having now read the transcript in full, we are convinced that our initial conclusion was correct.
¶ 10. As already observed, the trial court, during the State's ore tenus motion, instructed Morris to explain the substance of each witness's testimony so that the judge could assess the potential prejudicial effect on the State. After getting the synopsis of each witness's testimony, the trial court allowed limited testimony from Linda Leflore, a bystander, who observed the shooting. She testified that she did not see Morris with a gun and did not see Morris fire a gun. Tasha Leflore, daughter of Linda Leflore, would have testified that she saw Officer Chambers stop Morris and ask him if he had stolen some shoes and that Morris told him "no," and turned to walk away. She also would have testified that she did not see Morris with a gun. Nathaniel Parish, an onlooker, would *754 have testified that Officer Chambers had a white-handled pistol in his back pocket. Officer Chambers testified that Morris pointed a gun at him. According to representations made by Morris's counsel during the hearing on the motion, Officer Bennie Christian would testify that he put handcuffs on Morris and that no gun was found at the scene. According to further representations by Morris's counsel, the unidentified female police officer would corroborate Officer Christian's testimony in this regard. Since we do not find error in the trial court's limiting the testimony of other witnesses, we will not discuss their testimony.
¶ 11. "[T]he standard of review when a trial court institutes sanctions for discovery abuses is `whether the trial court abused its discretion in its decision.'" Gray v. State, 799 So.2d 53, 60 (¶ 26) (Miss.2001) (citing Kinard v. Morgan, 679 So.2d 623, 625 (Miss.1996)). "The trial court has considerable discretion in matters pertaining to discovery, and its exercise of discretion will not be set aside in the absence of an abuse of that discretion." Id. This Court must decide whether the trial court could have properly made the decision which it made. Caracci v. Int'l Paper Co., 699 So.2d 546, 556 (¶ 16) (Miss. 1997). Under this standard, an appellate court will affirm unless there is a definite and firm conviction by the appellate court that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Id.
¶ 12. While avoiding unfair surprise to either the defense or prosecution is a fundamental policy of criminal procedure, nothing is more fundamental than an accused's right to present witnesses in his own defense. Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); Ray v. State, 503 So.2d 222, 225 (Miss.1986). Generally, exclusion of a defendant's witnesses is reserved for cases in which the defendant or counsel willfully violates discovery in order to gain a tactical advantage. Houston v. State, 531 So.2d 598, 612 (Miss.1988).
¶ 13. Uniform Rules of Circuit and County Court Rule 9.04, subpart I provides:
If at any time prior to trial it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances.
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
2. If after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.
3. The court shall not be required to grant either a continuance or mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.

*755 The court shall follow the same procedure for violation of discovery by the defense.
¶ 14. As already observed, the State's ore tenus motion was made on the day of the trial but prior to the commencement of the trial. The judge did not allow the State to interview Parish or Leflore because the State argued that it would be prejudiced, and the judge agreed. The State did not ask for a continuance nor was one offered by the judge. The court simply excluded the testimony of Parish and Leflore based on the State's argument of prejudicial effect. Excluding the evidence is one of the options allowed by the rule if objection is made "during the course of the trial." URCCC 9.04(I)(2). However, prior to the commencement of trial, the rule specifies that the "court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance or enter such other order as it deems just under the circumstances." URCCC 9.04(I). It is unclear from the rule whether excluding the evidence is an available option under the umbrella provision which allows the trial court to "enter such other order as it deems just under the circumstances" in cases where objection is made prior to trial. It may be. Even if such option is available, it may be an abuse of discretion to exclude certain kinds of evidence. We find that to be the case here.
¶ 15. Morris's defense was that he never had a gun and that the gun found was planted in order to cover up the police's mistake of chasing the wrong man. Morris's attorney explained to the judge that Tasha Leflore and Nathaniel Parish would testify that they saw Officer Chambers with a white pearl-handled gun in his back pocket. Moreover, Morris's attorney explained that the importance of Leflore's testimony goes to his theory that identifying Morris was a "screw up" and finding the gun later was a cover up. His attorney further explained "what she (Tasha Leflore) saw in the particular alley and the length of time the police officers stayed there looking for a gun and ... that no gun was found until after Sergeant Christian left. And that's when they came out with a pearl-handled pistol in the back, John Chambers had it in the back of his pants." In addition, Morris's attorney explained that no witness besides Parish would testify that Officer Chambers had a pearl-handled gun in his back pocket. Further, according to unrefuted representations made by Morris's counsel during the motion hearing, no fingerprints were found on the gun. We conclude that Parish's testimony was key to Morris's defense, and to exclude it amounts to an abuse of discretion. We reverse and remand to the trial court for a new trial.

2. Sufficiency of the Evidence
¶ 16. Morris contends that the evidence was insufficient to support the verdict and that the verdict was against the overwhelming weight of the evidence. Because of our decision on the first issue, we do not find it necessary to assess the sufficiency of the evidence nor review whether the verdict was against the overwhelming weight of the evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., BRIDGES, P.J., IRVING AND MYERS, JJ., CONCUR. CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., NOT PARTICIPATING.
NOTES
[1] During the hearing on the motion, Morris's counsel was unsure of the identity of the police officer but thought she was Ulyda Johnson. However, in his appellate brief, Morris discusses Tonya Williams, not Ulyda Johnson.